■ ABRAHAM M. SACKLER, Appellant, v. GLORIA SACKLER, Respondent.— In an action for divorce brought by the husband against his wife, the parties cross-appeal as follows from an interlocutory judgment of the Supreme Court, Kings County, entered February 6, 1963 after trial upon a jury's verdict in favor of the plaintiff husband on the sole framed issue of the defendant wife's adultery, and upon the court's decision as to the custody and support of the infant children of the marriage and the visitation rights of the husband: (1) The husband appeals, as limited by his brief, from those portions of the judgment which relate to his visitation rights and the payment of arrears for the support of the wife and the children. (2) The wife appeals from the entire judgment except the provisions thereof which award to her custody of the children and direct the husband to pay accumulated arrears. Judgment modified on the facts as follows: (1) by adding to subdivision 1 of its third ordering paragraph relating to the plaintiff's visitation rights, a provision to the effect that, on his Wednesday visits, he may take the children from their residence; (2) by providing in subdivision 2 of said paragraph that, during the Summer, the plaintiff may have the children with him for four (instead of two) consecutive weeks; (3) by striking out subdivision 3 of said paragraph requiring the attendance of a competent maid or governess when the children are with plaintiff; and (4) by deleting subdivision 5 of said paragraph imposing geographical limitations upon the plaintiff's visitation rights. As so modified, the judgment, insofar as appealed from, is affirmed, without costs. Findings of fact contained or implicit in the Special Term's opinion with respect to custody of the children and plaintiff's visitation rights which may be inconsistent herewith are reversed, and new findings are made as indicated herein. While so far as we can determine from the record before us, Special Term was required to make its determination of the delicate questions involved without the co-operation of the parties or their counsel, nevertheless under all the circumstances we believe that it was an improvident exercise of discretion to limit so drastically the plaintiff's rights of visitation. [For prior appeal, see 16 A D 2d 423.] Ughetta, Acting P. J., Kleinfeld, Brennan and Hill, JJ., concur; Christ, J., concurs by reason of this court's majority decision on the prior appeal in this case, but adheres to the views expressed in the dissenting opinions on such prior appeal (16 A D 2d 423).